# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AMI LOUISE PRINCE,<br>　　　　　　Petitioner,<br><br>v.<br><br>OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency,<br><br>　　　　and<br><br>DEPARTMENT OF HEALTH<br>　AND HUMAN SERVICES,<br>　　　　　　Agency. | DOCKET NUMBER<br>CB-1205-25-0034-U-1<br><br><br>DATE:  June 29, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ami Louise Prince, Helotes, Texas, pro se.

D. Black, Esquire, Michele Bloom, Esquire, Eyana Esters, Esquire, and
Allison Kidd-Miller, Esquire, Washington, D.C., for the Office of
Personnel Management.

Jennifer Smith, Esquire, and Susan M. Andorfer, Esquire, Washington,
D.C., for the Department of Health and Human Services.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly
to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders
have no precedential value; the Board and administrative judges are not required to
follow or distinguish them in any future decisions.  In contrast, a precedential decision
issued as an Opinion and Order has been identified by the Board as significantly
contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## FINAL ORDER

The petitioner requests that we review Office of Personnel Management (OPM) regulations relating to Reductions in Force, pursuant to our authority under 5 U.S.C. § 1204(f). *Prince v. Office of Personnel Management and Department of Health and Human Services*, MSPB Docket No. CB-1205-25-0034-U-1, Regulation Review File (RRF), Tab 1. For the reasons discussed below, we deny the petitioner's request.

## BACKGROUND

On May 2, 2025, the petitioner filed a "Request for Regulatory Review," requesting "a formal review of the procedures and determinations used to affect [her] release from federal service under the Reduction in Force (RIF) action initiated by the Department of Health and Human Services (HHS)." RRF, Tab 1 at 6. The petitioner argues that HHS violated 5 C.F.R. §§ 351.503, 351.504, and 351.402 in determining her retention standing. *Id.* at 6-8.

OPM and HHS have both filed responses to the petitioner's request. RRF, Tabs 6, 7. Both agencies argue that the petitioner failed to identify a prohibited personnel practice and to explain why the implementation of the regulations at issue required employees to commit such a practice. RRF, Tab 6 at 7-8; Tab 7 at 7-8. Moreover, both agencies contend that the petitioner's allegations do not meet the Board's prudential criteria for review. RRF, Tab 6 at 8-9; Tab 7 at 9-10.

## ANALYSIS

The Board has original jurisdiction to review rules and regulations promulgated by OPM. 5 U.S.C. § 1204(f). The Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, on its face, require any employee to commit a prohibited personnel practice in violation of 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2)(A). Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board

determines that the provision, as implemented, has required any employee to violate section 2302(b). 5 U.S.C. § 1204(f)(2)(B).

The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester would like the Board to take. 5 C.F.R. § 1203.11(b)(1)(ii)-(v); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, ¶ 7 (2012); *Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). This information is required to state a case within the Board's jurisdiction. 5 C.F.R. § 1203.11(b)(1).

Here, the petitioner contends that HHS has violated three regulations, specifically, that the agency has done the following: (1) incorrectly calculated her service computation date under section 351.503; (2) failed to provide her with the correct performance-based service credit under section 351.504; and (3) failed to define a proper competitive area under section 351.402. RRF, Tab 1 at 6-7.

The petitioner, however, has failed to provide reasons explaining why the agency's application of 5 C.F.R. §§ 351.503, 351.504, and 351.402 requires an employee to commit a prohibited personnel practice. Moreover, the petitioner has not specifically identified the alleged prohibited personnel practice(s) at issue. In the absence of such allegations, the petitioner has not met her burden under 5 C.F.R. § 1203.11(b). *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (Where a petitioner fails to explain how a regulation requires the commission of a prohibited personnel practice or fails to identify the prohibited personnel practice at issue, the Board has denied the regulation review request.). We note that the petitioner may challenge the agency's allegedly incorrect application of the regulations at issue via an appeal of her termination, and in fact has such an appeal currently pending before the Board. *Prince v.*

*Department of Health and Human Services*, MSPB Docket No. DA-0351-25-1402-I-1.

## ORDER

Accordingly, the petitioner's request for regulation review is DENIED. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(a) (5 C.F.R. § 1203.12(a)).

FOR THE BOARD:                                            *Gina K. Grippando*
                                                         _____
                                                         Gina K. Grippando
                                                         Clerk of the Board
Washington, D.C.